UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EXPRESS JEWELRY ENTERPRISES,
INC., d/b/a HAK'S JEWELRY,

    Plaintiff,

v.

NATIONAL FIRE INSURANCE
COMPANY OF HARTFORD, an Illinois
Domiciled property and casualty insurance
company,

    Defendant.
_____/

Case No. 23-10615
Hon. Denise Page Hood

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [ECF NO. 15]

### I.   INTRODUCTION

Before the Court is Defendant National Fire Insurance Company of Hartford's ("NFICH") Motion for Summary Judgment. [ECF No. 15]. The motion is fully briefed. See [ECF Nos. 16 & 18]. For the reasons stated herein, Defendant's motion is GRANTED.

### II.   BACKGROUND

This is an insurance coverage dispute. Plaintiff Express Jewelry Enterprises, Inc., d/b/a Hak's Jewelry ("Hak's Jewelry") entered an agreement with NFICH for businessowners insurance (Policy No. B6025346371; "the Policy"). [ECF No. 1-2, PageID.13]. The Policy period was active between September 9, 2020, through

September 9, 2021. *Id*. The parties do not dispute that on or about June 25, 2021, during the policy period, Plaintiff experienced severe damage to its business premises, business personal property and an interruption of its business operations caused by a wind and rain weather event.[1] *Id*. The damage and interruption of business operations was caused by "large amounts of rainwater from this weather event that could not exit this premises due to a blockage in its drain from the premises to the city sewers." *Id*. at PageID.14.

Plaintiff filed a claim with NFICH to recover for the loss it sustained during the weather event. *Id*. NFICH investigated Plaintiff's claim and concluded that the cause of any loss was a backup of the drains in the basement of the building. [ECF No. 15, PageID.439]. NFICH denied Plaintiff's claim because coverage for the damage sustained by Plaintiff is excluded under the Policy.

Plaintiff requests that this Court declare the rights, obligations and duties of himself and Defendant under the policy. *Id*. at PageID.15. Plaintiff further requests that this Court find that NFICH breached the parties' agreement by wrongfully denying Plaintiff coverage under the policy.

NFICH moves this Court to for summary judgment because damage arising from sewer/drain backup due to flooding/rain is specifically excluded under the

---

[1] The Court takes judicial notice of the alleged rainstorm as the event is well documented. See *Plymouth United Church of Christ (Congregational) v. Philadelphia Indem. Ins. Co.*, 740 F. Supp. 3d 594 (E.D. Mich. 2024)

2

policy and Plaintiff materially misrepresented the cause of loss, making the insurance policy void. [ECF No. 15, PageID.432-33].

### III. LAW AND ANALYSIS

Federal Rule of Civil Procedure 56 allows a party to move for summary judgment on some or all counts. Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant must cite to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" to establish that there is no genuine issue for trial. Fed. R. Civ. P. 56(c)(1)(A). "As the party moving for summary judgment, Defendants bear the burden of showing the absence of a genuine issue of material fact as to at least one essential element of Plaintiff's claim." *Logan v. Denny's, Inc.*, 259 F.3d 558, 566 (6th Cir. 2001). Courts "must accept Plaintiff's evidence as true and draw all reasonable inferences in her favor[.]" *Id*. The Court "may not make credibility determinations nor weigh the evidence before it when determining whether an issue of fact remains for trial." *Id*.

Once the movant satisfies its initial burden of demonstrating the absence of any genuine issue of material fact, the burden shifts to the nonmoving party to set

forth specific facts showing a triable issue of material fact. *Plymouth United Church of Christ (Congregational) v. Philadelphia Indem. Ins. Co.*, 740 F. Supp. 3d 594, 598 (E.D. Mich. 2024). The "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380, 127 S.Ct. 1769, 167 L.Ed.2d 686 (2007).

Michigan law governs the interpretation and application of the policy. *Hantz Fin. Servs., Inc. v. Am. Int'l Specialty Lines Ins. Co.*, 664 F. App'x 452, 456 (6th Cir. 2016). Under Michigan law, "[a]n insurance policy is similar to any other contractual agreement, and thus, the court's role is to determine what the agreement was and effectuate the intent of the parties." *Hunt v. Drielick*, 496 Mich. 366, 372, 852 N.W.2d 562, 565 (2014) (internal quotation marks omitted). If a contract is clear and unambiguous, the court must enforce the contract as written, according to its plain meaning, *Clevenger v. Allstate Ins. Co.*, 443 Mich. 646, 654; 505 N.W.2d 553, 557 (1993), without looking to extrinsic evidence. Michigan courts employ a two-part analysis to determine the parties' intent: (1) determine whether the policy provides coverage to the insured, and (2) ascertain whether that coverage is negated by an exclusion. *Hunt*, 496 Mich. at 372, *quoting Heniser v. Frankenmuth Mut. Ins. Co.*, 449 Mich. 155, 172, 534 N.W.2d 502 (1995). "Exclusionary clauses in insurance policies are strictly construed in favor of the insured." *Auto–Owners Ins. Co. v.*

4

*Churchman*, 440 Mich. 560, 597, 489 N.W.2d 431 (1992). However, it is impossible to hold an insurance company liable for a risk it did not assume, and thus clear and specific exclusions must be enforced. *Hantz*, 496 Mich at 373.

The parties do not dispute the existence of the policy or whether the claimed damage occurred during the relevant policy period. Instead, NFICH argues that the Policy includes an exclusionary clause which negates coverage. [ECF No. 15, PageID.454]. NFICH further asserts that the Policy is void under a fraud exclusion. *Id*. at PageID.455.

The Policy provides that NFICH "will pay for direct physical loss or damage to Covered Property at the premises described in the Declarations caused by or resulting from a Covered Cause of Loss. [ECF No. 15-2, PageID.480]. Covered Property includes buildings and business personal property. *Id*. The Policy limits Covered Causes of Loss:

**4. Limitations**

> a. We will not pay for loss of or damage to:
>
> (1) The interior of any building or structure or to personal property in the building or structure, caused by rain, snow, sleet or ice whether driven by wind or not, unless:
>
>> (a) The building or structure first sustains actual damage to the roof or walls by wind or hail and then we will pay only for the loss to the interior of the building or structure that is caused by rain, snow, sleet, sand or dust entering the building(s) or structure(s) through openings in the roof or walls made by direct action of wind

[ECF No. 15-2, PageID.482-84]. The Policy further states:

5

### B. EXCLUSIONS

1. We will not pay for loss or damage caused directly or indirectly by any of the following. Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss.
> g. Water
>> (1) "Flood," surface water, waves, tides, tidal waves, overflow of any body of water, or their spray, all whether driven by wind or not;
>> …
>> (3) Water or sewage that backs up or overflows from a sewer, drain or sump

*Id*. at PageID.484.

Plaintiff admits that NFICH's adjuster determined that Plaintiff's loss was due to the sewers becoming overwhelmed during the flashflood, causing sewer water to enter the building via drains in the basement. [ECF No. 16, PageID.800]. The Court finds that the Water exclusion in the Policy is clear and unambiguous. The exclusion negates coverage for damage resulting from flood or water or sewage that backs up or overflows from a sewer, drain, or sump. Plaintiff argues that "the sewer system in Dearborn, Michigan, suffered from an inadequate capacity" and "could not accommodate this storm's more than 7.5 inches of rain in a six (6) hour period." *Id*. at PageID.802. NFICH's adjuster who noted that "[Plaintiff] states water came up through the elevator shaft when the elevator was turned on after the back-up." *Id*. at PageID.800].

Plaintiff clearly attributes the water damage to the sewers becoming overwhelmed during the storm. *Id*. Plaintiff argues that its losses were covered by the Businessowners Special Property Coverage Form which states:

1. We will pay for loss or damage to covered property caused by water that backs up or overflows from a sewer, drain, sump, or from water that overflows due to the failure of a sump pump, sump pump well, or any other type of system designed to remove subsurface water from the foundation area.

[ECF No. 15-6, PageID.723]. However, that section includes an exclusion for water backup which is caused by or the result of flood. *Id*.

Plaintiff attempts to draw comparison to *Plymouth United Church of Christ (Congregational) v. Philadelphia Indem. Ins. Co.*, 740 F. Supp. 3d 594 (E.D. Mich. 2024). There, plaintiff sued its insurance company following the June 25, 2021, rainstorm, alleging that the insurance company unlawfully limited coverage for the damages sustained. *Plymouth United Church of Christ (Congregational)*, 740 F. Supp. 3d at 596. The policy in question limited coverage for water damage to $50,000 through the policy's Elite Property Enhancement. *Id*. The policy failed to mention whether coverage for water that backs up or overflows from a sewer, drain or sump was limited by the Elite Policy Enhancement, but such coverage was provided for in a different section. *Id*. at 597. The court denied summary judgment finding that the language of the policy was ambiguous where the policy failed to include sewage backup or water that backs up or overflows from a sewer, drain or

7

sump in the definition of "water" in the Elite Policy Enhancement but allowed for coverage of the same elsewhere. *Id*. at 601.

This case is distinguishable from the facts and policy in *Plymouth*. Here, the Policy includes "water or sewage that backs up or overflows" in the definition of water for purposes of the water damage exclusion. The parties' intent is clear that they did not intend to include the kind of damage incurred by Plaintiff in the Policy. The Court finds that summary judgment is appropriate as to Plaintiff's claim for declaratory judgment because the Policy clearly negates the kind of damage incurred by Plaintiff.

Related to the argument that Plaintiff materially misrepresented that its damage was caused by wind damage to the siding of its building, the Court finds that this argument is not relevant. Though the Complaint describes the events of June 25, 2021, as a "wind and rain weather event' the Complaint attributes the damage sustained to "large amounts of rainwater from this weather event that could not exit this premises due to a blockage in its drain from the premises to the city sewers" which the Curt has determined is not covered under the Policy. [ECF No. 1, PageID.14]. Therefore, the Court need not consider this argument.

Because the Court finds that Plaintiff is not entitled to coverage under the Policy, the Court also finds that Plaintiff cannot sustain a claim for breach of

contract. Therefore, summary judgment is GRANTED as to Plaintiff's breach of contract claim.

## IV. CONCLUSION/ORDER

In light of the foregoing,

IT IS ORDERED that Defendant's Motion for Summary Judgment [ECF No. 15] is GRANTED;

IT IS FURTHER ORDERED that Plaintiff's Complaint is DISMISSED;

IT IS FURTHER ORDERED that this Order disposes all pending claims before the Court in this matter and closes the case.

SO ORDERED.

                                                      s/Denise Page Hood
                                                      Denise Page Hood
                                                      United States District Judge

Dated: August 7, 2025